IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

**CHARLES WILKS, individually and on
behalf of all others similarly situated**                                                               **PLAINTIFF**

v.                              Case No.  4:21-cv-00163 KGB

**FAULKNER COUNTY, ARKANSAS**                                                                 **DEFENDANT**

## ORDER

Plaintiff Charles Wilks brings this proposed collective action against defendant Faulkner County, Arkansas ("the County") (Dkt. No. 1).  Mr. Wilks alleges that the County has a uniform policy and practice of failing to pay Deputy Sheriffs proper overtime compensation in violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.*, and the Arkansas Minimum Wage Act ("AMWA"), Ark. Code Ann. § 11-4-201, *et seq*.  Before the Court is Mr. Wilks' motion for conditional certification, for approval and distribution of notice, and for disclosure of contact information (Dkt. No. 7).  The County responded to the motion (Dkt. No. 9), and Mr. Wilks replied (Dkt. No. 10).   For the reasons that follow, the Court grants in part and denies in part Mr. Wilks' motion for conditional certification, for approval and distribution of notice, and for disclosure of contact information (Dkt. No. 7).

**I.      Factual Background**

The County operates the Faulkner County Sheriff's Department (Dkt. No. 7-7, ¶ 3).  Mr. Wilks is a former County employee who worked as an hourly-paid Deputy Sheriff from approximately October 2016 until December 2020 (*Id.*, ¶¶ 4-5).  His primary job duties included patrolling his assigned area, responding to 911 calls, assisting citizens, and completing paperwork (*Id.*, ¶ 8).  Mr. Wilks claims that he regularly worked over 40 hours per week because the work Deputy Sheriffs were expected to perform was generally so extensive that it could not be

completed in 40 hours each week (*Id.*, ¶ 9). Mr. Wilks asserts that, despite regularly working over 40 hours per week, the County reprimanded him and other Deputy Sheriffs for reporting all of their overtime hours (*Id.*, ¶ 10). As a result, Mr. Wilks claims that he and other Deputy Sheriffs generally did not report all the hours they worked in order to avoid being reprimanded or punished by the County (*Id.*)

Mr. Wilks alleges that the County often required him and other Deputy Sheriffs to attend meetings and complete paperwork after their scheduled shifts (*Id.*, ¶¶ 12, 14). He asserts that he and other Deputy Sheriffs generally did not record the time spent attending meetings and completing paperwork off the clock due to the threat of being reprimanded by the County for recording too many hours (*Id.*, ¶¶ 12, 15). Mr. Wilks alleges that he and other Deputy Sheriffs were required to don specific gear, such as bullet-resistant vests and duty belts that contained department-issued gear (*Id.*, ¶¶ 17-18). He asserts that he and other Deputy Sheriffs were not compensated for the time spent donning gear and doffing gear before clocking in and after clocking out of their shifts (*Id.*, ¶¶ 18-20).

In his present motion, Mr. Wilks seeks conditional certification for the following collective: "All Deputy Sheriffs employed by Faulkner, County, Arkansas, since March 1, 2018" (Dkt. No. 7-1, at 1). In its response to Mr. Wilks' motion, the County avers that the term "deputy" should be narrowly construed in order to avoid confusion (*Id.*, at 1). The County suggests that because Mr. Wilks was employed in the Patrol Division in the rank of Deputy, the putative class should be limited to employees who also served at the rank of Deputy within the Patrol Division (*Id.*, at 2). In Mr. Wilks' reply to the County's response, he states that he does not object to the limitation on the class definition the County proposes, and accordingly, requests the following

collective definition: "All Deputy Sheriffs employed by Faulkner County, Arkansas, in its Patrol Division, since March 1, 2018" (Dkt. No. 10-1, at 1).

II.     Analysis

A.     **Conditional Certification**

Under the FLSA:

> An action to recover the liability prescribed . . . may be maintained against any employer . . . in any Federal or State court of competent jurisdiction by any one or more employees for and in behalf of himself or themselves and other employees similarly situated. No employee shall be a party plaintiff to any such action unless he gives his consent in writing to become such a party and such consent is filed in the court in which such action is brought.

29 U.S.C. § 216(b).

District courts in the Eighth Circuit, including this one, utilize a two-step approach to determine whether certification of a collective action is appropriate. *See*, *e.g.*, *McChesney v. Holtger Bros.*, No. 4:17-CV-824-KGB, 2019 WL 118408, at *2 (E.D. Ark. Jan. 7, 2019); *Cruthis v. Vision's*, No. 4:12-CV-244-KGB, 2013 WL 4028523, at *1 (E.D. Ark. Aug. 7, 2013); *Watson v. Surf-Frac Wellhead Equip. Co.*, No. 4:11-CV-843-KGB, 2012 WL 5185869, at *1 (E.D. Ark. Oct. 18, 2012). Under this approach, a district court first determines whether the putative collective action members are similarly situated (*i.e.*, whether they were subject to a common employment policy or plan), and then, at the conclusion of discovery, the district court provides an opportunity for the defendant to move to decertify the collective action, pointing to a more developed record to support its contention that the opt-in plaintiffs are not, in fact, similarly situated to the named plaintiffs. *See Smith v. Frac Tech Servs., Ltd.*, No. 4:09CV000679JLH, 2009 WL 4251017, at *1 (E.D. Ark. Nov. 24, 2009).

"To establish that conditional certification is appropriate, the plaintiffs must provide 'some factual basis from which the court can determine if similarly situated potential plaintiffs exist.'"

3

*Robinson v. Tyson Foods, Inc.*, 254 F.R.D. 97, 99 (S.D. Iowa 2008) (quoting *Dietrich v. Liberty Square, L.L.C.*, 230 F.R.D. 574, 577 (N.D. Iowa 2005)). Plaintiffs' burden at the "notice" stage is "lenient" and "requires only a modest factual showing; it does not require the plaintiff[s] and the potential class members to show that they are identically situated." *Resendiz-Ramirez v. P & H Forestry, LLC*, 515 F. Supp. 2d 937, 941 (W.D. Ark. 2007) (citing *Kautsch v. Premier Commc'ns*, 504 F. Supp. 2d 685, 689–90 (W.D. Mo. 2007)). Still, "'more than mere allegations' are required" for plaintiffs to carry their burden. *Tegtmeier v. PJ Iowa, L.C.*, 208 F. Supp. 3d 1012, 1019 (S.D. Iowa 2016) (quoting *Robinson*, 254 F.R.D. at 99).

"Typically, district courts will make the determination of whether to conditionally certify a class based solely on the affidavits presented by the plaintiffs." *Huang v. Gateway Hotel Holdings*, 248 F.R.D. 225, 227 (E.D. Mo. 2008) (citing *Rappaport v. Embarq Mgmt. Co.*, No. 607CV468ORL19DAB, 2007 WL 4482581, at *4 (M.D. Fla. Dec. 18, 2007)). Factors to be considered include: (1) whether plaintiffs all held the same job titles; (2) whether plaintiffs worked in different geographical locations; (3) the extent to which the claimed wage-and-hour violations occurred during different time periods and by different decision makers; and (4) whether plaintiffs all alleged similar, though not identical, wage-and-hour violations. *See McChesney*, 2019 WL 118408, at *2 (citing *Stone v. First Union Corp.*, 203 F.R.D. 532, 542 (S.D. Fla. 2001)). "The Court does not need to determine whether class members are actually similarly situated until the 'merits stage' of the litigation, when defendants typically move to decertify the class." *Tinsley v. Covenant Care Servs., LLC*, No. 1:14CV00026 ACL, 2015 WL 1433988, at *1 (E.D. Mo. Mar. 27, 2015) (citing *Littlefield v. Dealer Warranty Servs., LLC*, 679 F. Supp. 2d 1014, 1017 (E.D. Mo. 2010)). At this stage, the district court also does not "make any credibility determinations or findings of fact with respect to contrary evidence presented by the parties." *Israsena v. Chalak*

4

*M&M AR1 LLC*, No. 4:15CV00038 JLH, 2015 WL 13648567, at *2 (E.D. Ark. Oct. 14, 2015) (quoting *Chin v. Tile Shop, LLC*, 57 F. Supp. 3d 1075, 1083 (D. Minn. 2014)).

To meet his burden, Mr. Wilks offers his own affidavit. Mr. Wilks states that all Deputy Sheriffs employed by the County are paid an hourly rate (Dkt. No. 7-7, ¶ 11). Mr. Wilks states that he and other Deputy Sheriffs regularly worked over 40 hours per week but generally did not report all the overtime hours they were required to work, including but not limited to time spent attending meetings, completing paperwork, and donning and doffing specific gear, in order to avoid being reprimanded or punished by the County (*Id.*, ¶¶ 10, 12, 14, 17). He states that he knows this because Deputy Sheriffs are paid according to uniform County policies and because he sometimes acted as a supervisor over other Deputy Sheriffs and was responsible for their reporting overtime hours (*Id.*, ¶ 11). Mr. Wilks estimates that there are at least 50 other individuals who work or have worked as Deputy Sheriffs for the County since March 1, 2018 (*Id.*, ¶ 21).

The County does not oppose Mr. Wilks' request for conditional certification (Dkt. No 9, at 1). The County requests that the potential class be limited to only current or former employees of the County who worked in the Patrol Division and served at the rank of Deputy for the three years preceding the date of Mr. Wilks' filing his complaint (*Id.*, at 5). As stated above, Mr. Wilks concedes to narrow the scope of the collective he seeks to represent to those Deputy Sheriffs employed in the County's Patrol Division (Dkt. No. 10).

The Court finds that Mr. Wilks has carried his lenient burden of establishing at this stage of the litigation that he is similarly situated to other Deputy Sheriffs employed in the County's Patrol Division. Mr. Wilks' affidavit demonstrates that he was employed by the County to work as a Deputy Sheriff in the Patrol Division from approximately October 2016 until December 2020 and is personally familiar with the conditions under which other Deputy Sheriffs worked (Dkt. No.

7-7, ¶¶ 5-6).  His affidavit asserts that, despite regularly working in excess of over 40 hours per week, the County did not compensate him and other Deputy Sheriffs for overtime hours, including time spent attending meetings, completing paperwork, and donning and doffing specific gear off the clock (*Id.*, ¶¶ 10, 12, 14, 17).  His affidavit asserts that, at least with respect to the time spent attending meetings and completing paperwork, he and other Deputy Sheriffs generally did not report all of the hours they worked because the County had a practice of reprimanding him and other Deputy Sheriffs for reporting overtime hours (*Id.*, ¶¶ 10-14).

The Court concludes that Mr. Wilks' affidavit, along with the allegations in his complaint, offers evidence sufficient to show that all members of the proposed class were subject to a common policy or practice:  the County's failure to compensate them for all of the hours they worked.  *Carden v. Scholastic Book Clubs, Inc.*, No. 2:10-CV-01112-NKL, 2011 WL 2680769, at *2 (W.D. Mo. July 8, 2011) (quoting *Simmons v. Valspar Corp.*, No. CIV. 10-3026 RHK/SER, 2011 WL 1363988, at *3 (D. Minn. Apr. 11, 2011)).

Accordingly, the Court conditionally certifies this action as a collective action pursuant to § 216(b) of the FLSA for the purpose of facilitating notice.

      **B.**     **Notice**

Mr. Wilks has provided the Court with proposed written and electronic notice and consent forms (Dkt. Nos. 7-1, 7-2, 7-3, 7-4, 7-5, 7-6, 7-7).  The County does not object to the form or content these notices (Dkt. No. 9).  Mr. Wilks seeks to modify slightly the proposed mail notice to include an "informational only" option for those individuals who elect not to join the lawsuit but wish to receive updates about the case as it proceeds (Dkt. No. 10-1).  The Court has reviewed the proposed notice submitted by Mr. Wilks and approves as to its form with the following changes: all references to "Deputy Sheriffs" in the Notice and Consent should be changed to specify "Patrol

Deputy Sheriffs" or employment in the "Patrol Division."  Mr. Wilks may include the "informational only" option in the notice for distribution *via* U.S. mail.

Mr. Wilks requests that the Court ratify the following notice process as it pertains to potential opt-in plaintiffs:  Mr. Wilks would send the notice to potential opt-in plaintiffs *via* U.S. Mail and email, with a reminder email sent 30 days after the date of mailing (Dkt No 7, ¶ 7).  He also requests that the Court grant a 90-day opt-in period beginning on the date on which the County releases the potential collective members' contact information to plaintiff's counsel (*Id.*, ¶ 5). Mr. Wilks asks that this Court enter an order directing the County to provide the names, last known addresses, and last known email addresses of potential opt-in plaintiffs in an electronically manipulatable format such as Excel (.xls) no later than one week after the entry of this Order (*Id.*, ¶ 6).  The County does not oppose Mr. Wilks' proposed distribution and notice of disclosure for contact information (Dkt. No. 9).

The Court grants Mr. Wilks' motion as it pertains to distribution of notice to potential opt-in plaintiffs and the disclosure of contact information (Dkt. No. 7, ¶¶ 6-7).  To facilitate notice, the Court orders the County to provide Mr. Wilks' counsel the names, including any aliases they may have gone by or go by now, last known mailing addresses, and all known email addresses, for every Deputy Sheriff employed in its Patrol Division since March 1, 2018, within 14 days of the date of this Order.  The Court also directs the County to provide such information to Mr. Wilks' counsel *via* Microsoft Word or Excel formatting.  After receiving such information, Mr. Wilks shall then have 90 days to distribute notice and file opt-in consent forms with the Court.  Mr. Wilks may provide notice to the class of individuals consistent with the terms of this Order.

### III. Conclusion

For the reasons discussed above, the Court grants in part and denies in part Mr. Wilks' motion for conditional certification, for approval and distribution of notice, and for disclosure of contact information (Dkt. No. 7).

The Court conditionally certifies the following class: All Deputy Sheriffs employed by Faulkner County, Arkansas, in its Patrol Division, since March 1, 2018.

To facilitate notice, the County is ordered to provide Mr. Wilks' counsel the names, including any aliases they may have gone by or go by now, last known mailing addresses, and all known email addresses, for every Deputy Sheriff employed in its Patrol Division since March 1, 2018, within 14 days of the date of this Order. Mr. Wilks shall have 90 days from the date the County provides this information to distribute notice to potential opt-in plaintiffs and file copies of the consent forms with the Court. Mr. Wilks may provide notice to the class of individuals consistent with the terms of this Order.

It is so ordered this 28th day of February, 2022.

_Kristine G. Baker_
Kristine G. Baker
United States District Judge